Debra CARTER, Plaintiff–Appellant,

v.

HEWLETT PACKARD COMPANY INCOME PROTECTION PLAN; Hewlett Packard Company, Defendants–Appellees.

No. 07–15200.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 9, 2008.

Mark H. Lipton, Esquire, Lipton, Warnlof, Hallbauer & Sumnick, Roseville, CA, for Plaintiff–Appellant.

Sally J. Berens, Esquire, Gibson Dunn & Crutcher, LLP, Palo Alto, CA, Joseph P. Busch, III, Esquire, Gibson Dunn & Crutcher LLP, Irvine, CA, for Defendants–Appellees.

Before: FERNANDEZ, T.G. NELSON and THOMAS, Circuit Judges.

## MEMORANDUM *

Debra Carter, an employee at Hewlett–Packard, applied for long-term disability benefits for a number of physical and psychological illnesses. Hewlett–Packard, through its plan administrator Voluntary Plan Administrators (VPA), denied benefits. We review de novo the district court's grant of summary judgment, *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 942 (9th Cir.1995), and the district court's choice and application of standard of review, *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir.2006) (en banc). Because the parties are familiar with the

factual and procedural history of this case, we need not recount it here.

### I

As default, district courts review challenges to benefit denials de novo. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). If the benefit plan gives the plan administrator or fiduciary "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the denial is reviewed for abuse of discretion. *Id.* Hewlett–Packard's Income Protection Plan unambiguously confers discretion onto VPA.

Even if plan language grants the plan administrator discretion, district courts review benefit denials de novo "[w]hen an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA. . . ." *Abatie*, 458 F.3d at 971.

VPA violated 29 C.F.R. § 2560.503–1(g)(1)(iii), which requires VPA to provide a description of any additional material necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary. VPA did not explain why it rejected Carter's interstitial cystitis diagnosis. It stated only that there was "little on [sic] a way of any objective factors of impairment." Merely stating that there is insufficient objective evidence is insufficient. *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 511 F.3d 1206, 1213–14 (9th Cir. 2008). In addition, VPA had "objective evidence" of Carter's interstitial cystitis before it in the form of Dr. Snyder's comment that Carter had a positive potassium chloride test. VPA should have clarified

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

how Carter could have perfected a diagnosis of interstitial cystitis.

VPA did not perfectly adhere to ERISA's procedural requirements. Therefore, we review VPA's decision for an abuse of discretion with skepticism.

## II

Under the appropriate standard of review, we conclude that the VPA abused its discretion in rendering its decision.

The Income Protection Plan and the Summary Plan Description conflict to the extent they allow mental illness to factor into a disability determination. When a discrepancy exists between the summary plan description and the policy, the court must choose the interpretation that most favors the employee. *See Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1145 (9th Cir.2002). The Summary Plan Description precludes VPA from considering mental illness only when mental illness is the sole cause of disability. Carter claimed only that her mental illness contributed to her disability. Thus, VPA abused its discretion by refusing to consider Carter's mental illness. VPA should have considered the side effects of the medications Carter took to treat her mental illnesses as well. This failure requires a new disability determination.

## III

We conclude that we must reverse the judgment of the district court and remand with instructions to remand the case to the VPA for a new disability determination after correcting its procedural and substantive defects. We need not, and do not,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

reach any other issues raised by the parties.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**